# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

JAMES DONALD SPENCER                                            PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:19-CV-139-DAS

COMMISSIONER OF SOCIAL SECURITY                            DEFENDANT

## FINAL JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

The plaintiff's first argument is the ALJ erred when he found the claimant could perform a full range of light work. For the reasons provided by the court during the hearing, the court finds this assessment is supported by substantial evidence. That part of the Commissioner's decision is affirmed.

Next, the plaintiff argues that the ALJ erred at Step 2 when he found the plaintiff did not suffer from any severe mental impairments. The court agrees the ALJ failed to apply the *de minimus* standard set in *Stone v. Heckler, 752 F.2d 1099 (5th Cir. 1985)* in making the Step 2 determination. Substantial evidence does not support a finding that the plaintiff's mental problems were not severe impairments. Additionally, the fact that the ALJ continued the decision-making process beyond step two does not mean the error is harmless in this case.

1

After a hearing in December 2016, the ALJ found Spencer suffered from the following severe impairments: degenerative disc disease, hypertension, coronary artery disease, *depression and anxiety*. The ALJ, however, concluded that Spencer could perform a limited range of light work and would be restricted to simple work because of moderate limitations in concentration, persistence, and maintaining pace.

After the Appeals Council remanded the case because the RFC did not adequately accommodate Spencer's mental impairments, the ALJ found Spencer had severe physical impairments but no severe mental impairments. He also made no allowance in the RFC for any severe or non-severe, non-exertional limitations and found Spencer could perform a full range of light work.

The plaintiff argues the decision that Spencer does not suffer from any severe mental impairments is not supported by substantial evidence. In support of his argument, the plaintiff points out that his treating physician saw him regularly, both for his physical and mental problems and prescribed Xanax, Cymbalta, and Elavil to treat these mental conditions. Dr. Brian Thomas, a psychologist who performed a consulting examination, likewise diagnosed Spencer with depression and panic disorder with agoraphobia. Dr. Thomas thought Spencer would likely be inconsistent in performing even routine repetitive tasks. Dr. Arnold Mindingall, a non-examining state agency psychologist, opined Spencer would have moderate difficulties in maintaining concentration, persistence or pace without excessive rest periods; in his ability to carry out detailed instructions; and in completing a normal workday or workweek without his psychologically based symptoms causing interruptions. These opinions were given great weight in the initial decision and little weight in the second decision.

2

At the second hearing, psychologist Dr. Richard Anderson testified by telephone as a medical expert after reviewing Spencer's records and listening to him testify. He thought Thomas' diagnoses of panic disorder with agoraphobia were not medically determined and that Spencer had only mild depression. He testified erroneously that Spencer had been prescribed only Xanax, missing the other prescriptions. He testified that he could not provide testimony on the "B" criteria because there was a lack of medical information despite the records of Dr. Montgomery, who had consistently treated Spencer for depression and anxiety. After the hearing, Anderson submitted a mental residual functional capacity form (MRFC), which -- contrary to this testimony – provided that Spencer would have moderate limitations in:

1. His ability to carry out detailed instructions;
2. Maintaining attention and concentration for extended periods of time;
3. Performing activities on a schedule, and being sufficiently punctual and regular in attendance;
4. Completing a normal work-day/week without interruptions based on psychologically-based symptoms; and
5. In traveling in unfamiliar places and using public transportation.

Without mentioning Anderson's post-hearing MRFC form, the ALJ accepted Anderson's testimony that Spencer's mental impairments were not medically supported and that there was no evidence to support "any significant mental limitation." He also repeated Anderson's error that Spencer had been treated with only Xanax on an as-needed basis.

Given the factual errors of both Anderson and the ALJ concerning the medical records; the fact that Anderson's MRFC form substantially contradicts his testimony; and remembering the *de minimus* standard for finding an impairment is severe, it is clear that substantial evidence does not support the ALJ's Step 2 determination.

The Commissioner argues that because the ALJ did not stop his consideration at Step 2

3

but proceeded through Step 5, the error is harmless. *Dise v. Colvin*, 630 F. App'x 322, 324 (5th Cir. 2015). However, the RFC contains *no* limitations for Spencer's mental impairments and the functional limitations (severe or non-severe) found by the specialists. On remand, after addressing the evidence discussed above, if the ALJ believes there are simply no mental impairments, then he must explain why. If he believes limitations exist, those limitations must be included in the RFC. Therefore, the court finds that the error was prejudicial and the court must remand for reconsideration.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the decision of the ALJ is affirmed in part and reversed and remanded for further proceedings consistent with the ruling of the court and this judgment.

**SO ORDERED AND ADJUDGED** this the 30th of March, 2020.


**/s/ David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**